# EXHIBIT A

### (All Pleadings filed in
### Case A-18-774636-C)

Electronically Filed
5/17/2018 8:16 AM
Steven D. Grierson
CLERK OF THE COURT

1
COMP
**JEFFERY A. BENDAVID, ESQ.**
2
Nevada Bar No. 6220
**STEPHANIE J. SMITH, ESQ.**
3
Nevada Bar No. 11280
**MORAN BRANDON BENDAVID MORAN**
4
630 South 4th Street
5
Las Vegas, NV 89101
 (702) 384-8424
6
*j.bendavid@moranlawfirm.com*
*s.smith@moranlawfirm.com*
7
8
**ERIC M. GEORGE, ESQ.** (Application pending for Admission *Pro Hac Vice*)
(CA State Bar No. 166403)
**KATHRYN E. STUART, ESQ.** (Application pending for Admission *Pro Hac Vice*)
9
(NM State Bar No. 150631)
**BROWN GEORGE ROSS**
10
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
11
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
12
*egeorge@bgrfirm.com*
*kstuart@bgrfirm.com*
13
14
*Attorneys for Plaintiff Cary Katz*
15

**COUNTY COURT**

16

**CLARK COUNTY, NEVADA**

17

| | |
|---|---|
| CARY KATZ, an individual,<br><br>        Plaintiff,<br><br>      vs.<br><br>MARK STEYN, an individual; MARK STEYN ENTERPRISES, INC., a New Hampshire corporation; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.: A-18-774636-C<br>Department No. : Department 17<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>**Exempt from Arbitration:**<br>**Claimed Damages in excess of $50,000.00** |

18
19
20
21
22
23
24
25

**<u>COMPLAINT</u>**

26
     COMES NOW, Plaintiff CARY KATZ, an individual ("Mr. Katz" and/or "Plaintiff"), by
27
and through his counsel of record JEFFERY A. BENDAVID, ESQ. and STEPHANIE J. SMITH,
28
ESQ. of MORAN BRANDON BENDAVID MORAN LLP and ERIC M. GEORGE, ESQ. *(Pro*

1056107.1

*Hac Vice* Application Pending) and KATHRYN E. STUART, ESQ. (*Pro Hac Vice* Application Pending) of BROWNE GEORGE ROSS LLP, and hereby submits his complaint against Defendants MARK STEYN ("Mr. Steyn"), an individual, and MARK STEYN ENTERPRISES, INC., a New Hampshire corporation, (collectively, the "Steyn Parties") and alleges the following:

## I.    PARTIES

1.    Plaintiff, Cary Katz, is an individual, who is, and at all time relevant hereto, was a resident of Clark County, Nevada.

2.    Plaintiff is informed, believes, and thereupon alleges that Defendant Mark Steyn Enterprises, Inc. is a New Hampshire corporation, that has conducted business within Clark County, Nevada.

3.    Plaintiff is informed, believes, and thereupon alleges that Defendant Mark Steyn, an individual, is a Canadian citizen who is a resident of New Hampshire.

4.    The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names.   Plaintiff is informed, believes, and thereon alleges that each of the Defendant(s) designated herein as a DOE are agents, employees, servants, and/or representatives of the named Defendants or persons and/or entities answering in concert with the named Defendants with respect to the allegations herein pled, who are liable to Plaintiff by reason thereof, and Plaintiff prays leave to amend this Complaint to insert their true names or identities with appropriate allegations when same become known.

## II.    JURISDICTION AND VENUE

5.    This Court has jurisdiction over Plaintiff's claims pursuant to NRS 14.065.

6.    This Court has jurisdiction over Defendants since Defendant Mark Steyn and Defendant Mark Steyn Enterprises, Inc. have purposefully availed themselves of the State of Nevada, and have sufficient minimum contacts with the State of Nevada, its residents, and have directed the conduct alleged herein at the State of Nevada and its residents.

7.     Venue is proper in this Court pursuant to NRS 13.040, in that Defendants, upon information and belief, reside out of state and Plaintiff resides and his reputational damages have occurred within, although not limited to, Clark County, Nevada.  This Court has subject matter jurisdiction over this matter, pursuant to Nevada Constitution, Art. VI, § 6 and NRS 3.220.

### III.     **GENERAL ALLEGATIONS**

8.     The allegations contained in Paragraphs 1-7 of this Complaint are incorporated by reference herein, with the same force and effect as set forth in full below.

9.     Plaintiff Cary Katz is a successful, private businessman, father of six, and grandfather.  Mr. Katz, his wife Jackie, and their family, reside in Nevada.  Mr. and Mrs. Katz donate millions of dollars and their time to numerous charitable organizations and individuals.  Mr. Katz is the President of the Saint Gabriel Catholic School in Nevada and chairman of the organization Stop Child Predators Partnership.[1]

10.     In 1999, Mr. Katz started College Loan Corporation, where he served for 15 years as Chief Executive Officer.  Thereafter, Mr. Katz ceased his affiliation with College Loan Corporation.

11.     In 2015, Mr. Katz became the largest investor in CRTV, an online, subscription-based media company dedicated to promoting conservative values, patriotism, and liberty.  CRTV is home to quality shows hosted by famous personalities.

12.     Although Mr. Katz seeded CRTV with its primary source of funding, he is not – and never has been – an officer or a manager of the company.

13.     In May 2016 CRTV contracted with Defendants Mark Steyn Enterprises and radio and television personality Mark Steyn for the latter to serve as a CRTV host.  At the time, Mr. Steyn regularly guest-hosted The Rush Limbaugh Show, appeared as a commentator on Fox News, and engaged with his audience through his online soapbox, SteynOnline.com.  CRTV came to invest more than $10 million in what would become *The Mark Steyn Show*, including nearly $7

---

[1] Stop Child Predators works with legislators and law enforcement to help protect children and hold victimizers accountable and has helped Jessica's Law, a law designed to protect children from predators, pass in 45 states.

million to build a studio pursuant to Mr. Steyn's request and specifications. Although CRTV had no offices or operations in Vermont, and although building a studio for *The Mark Steyn Show* in Vermont would be more difficult and expensive than building a studio in an area with more media and entertainment infrastructure, CRTV built the studio in Williston, Vermont to facilitate Mr. Steyn's request. CRTV even provided interest-free financing to the Steyn Parties to purchase a home for Mr. Steyn and Ms. Howes.

14. The working relationship between the Steyn Parties and CRTV deteriorated amidst, *inter alia*, reports of Mr. Steyn's mistreatment of his employees and what CRTV viewed as the Steyn Parties' failure to produce sufficient quality and quantity of content to meet the Steyn Parties' contractual obligations to CRTV. For these reasons, CRTV cancelled *The Mark Steyn Show* in February 2017.

15. The parties engaged in contractual confidential arbitration proceedings beginning in February, 2017, and an award was issued on February 21, 2018 that contained:

- a breach of contract award in the Steyn Parties' favor against CRTV, consisting of approximately two years' severance, plus interest and attorneys' fees;

- a rejection of the Steyn Parties' fraud and tort claims against CRTV; and

- a rejection of all of the Steyn Parties' claims against Mr. Katz.

16. CRTV has challenged the award and the confirmation and vacation proceedings are pending in the State of New York. As of the date of this Complaint, no judgment has been entered confirming the arbitration award.

17. Following the confidential arbitration proceedings, CRTV offered employment to former Steyn Parties' employees to help them get back on their feet following the show's cancellation.

18. Following the issuance of the arbitration award, the Steyn Parties have engaged in a relentless campaign of defamatory personal attacks directed at Mr. Katz. Mr. Katz requested retraction of these defamatory statements, and for the Steyn Parties to cease and desist from making additional defamatory comments. The Steyn Parties have ignored these requests.

19.     The Steyn Parties' defamatory and untruthful verbal and written statements are made on a nearly daily basis, reaching millions of viewers, listeners, and readers through television, radio, and online platforms, and are all made with an effort and the malicious intent to harm Mr. Katz and his reputation.

20.     The Steyn Parties host and control the website SteynOnline.com.   Based on numerous postings on SteynOnline.com, whereupon postings will reflect "by Mark Steyn," Mr. Steyn personally authors a variety of the "Columns & Essays" and/or posts.   The website is also home to The Mark Steyn Club, which allows its members to comment on the Steyn Parties' columns and essays that are posted on SteynOnline.com.   For this privilege, members pay the Steyn Parties, approximately One Hundred Sixty Dollars ($160.00) annually or Forty-Five Dollars ($45.00) quarterly.   The Mark Steyn Club members include residents from all over the United States, including, upon information and belief, Nevada.

21.     The Steyn Parties also have posted and/or written commentary and/or columns and/or essays specifically regarding Nevada, and in addition have moved to intervene in a separate case, captioned *Cary Katz v. CRTV, LLC*, Case No. A-18-773251-C.

22.     As of the date of this Complaint, the Steyn Parties have made the following false and defamatory statements about Mr. Katz on various platforms:

a.     Dishonorable / Scofflaw / Deadbeat:

> *"[C]onservatives in particular ought to be very careful when they get mixed up with dishonorable guys like this Cary Katz guy…Just as a point of law, he's actually, right at the moment he's a great scofflaw and a great deadbeat."*  (As guest host of The Rush Limbaugh Show, April 24, 2018);

> *"He's a scofflaw and a deadbeat"* (SteynOnline.com Question and Answer, May 1, 2018);

> *"He's [Katz] a deadbeat in the sense of those deadbeat dads you used to see on ... Do you still have that? Actually, ages since I've seen the Milk Carton, do they still have them on Milk cartons?"*  (SteynOnline.com Question and Answer, May 1, 2018);

> *"[S]leazebag scofflaw Cary Katz and CRTV's brazen attempt to evade their obligation to pay me (per my tremendous court victory) by suing themselves into pseudo-bankruptcy. Oddly enough, the court reporter of The Las Vegas Review-Journal has written a story that pretends to take Katz's suit against CRTV seriously:…To be clear, this action is nothing more than a cover for the fraudulent conveyance of funds from CRTV to Katz. Judge Kishner will hear our*

*motion against deadbeat Katz's phoney-baloney bullsh\*t self-suing suit on May 29th.*" (SteynOnline.com, April 28, 2018);

"*There's no reason at all for me to promote scofflaws and deadbeats.*" (SteynOnline.com, April 14, 2018).

The Steyn Parties' assertions are false.   Mr. Katz has never been found liable on any claims, or ordered to pay any amounts.   Rather, the Steyn Parties lost all claims against Mr. Katz.   Specifically, the Steyn Parties alleged an alter ego claim against Mr. Katz, asserting that Mr. Katz should be personally liable for any liability imposed upon CRTV.   The arbitrator dismissed this claim.

Mr. Steyn repeatedly dubbed Mr. Katz a "scofflaw."   The Steyn Parties have even posted on the SteynOnline.com homepage a clock called: "CRTV SCOFFLAWS & DEADBEATS DEBT CLOCK."   This characterization is false according to Mr. Steyn's own nonsensical reasoning because "he's [Mr. Katz] scoffing at the orders of two judges now..." (SteynOnline.com Question and Answer, May 1, 2018.)   Mr. Steyn points to the arbitration award and the proceedings to confirm the award.   (*Id.*)   The arbitration award is not an order, and requires confirmation in a court to be enforceable.   As of the date of this complaint, no order concerning the confirmation has issued.   Moreover, the arbitration award dismisses all of the Steyn Parties' claims against Mr. Katz personally.

b.    Gang Rape Sabbatical:

"*Cary Katz, one of his ... He apparently thought that I was on some kind of gang rape sabbatical [in] Europe. That's how he kept referring to it.*" (SteynOnline Question and Answer, May 1, 2018).

This is false.   The Steyn Parties falsely attributed to Mr. Katz a highly offensive statement that would bring disrepute and obloquy on anyone believed to have made the statement.   Mr. Katz never referred to a European trip made by Mr. Steyn as a "gang rape sabbatical."   During the confidential arbitration hearing, 2,000 pages of transcript reflect that the only person who made such a grotesque reference was Mr. Steyn himself.   (RT: 1884:17-19.)   Mr. Steyn was present during the course of the entire confidential arbitration proceedings, received transcript copies, and thus, knew this statement was false.

c.     Criminal:

"*I didn't sue them [Mr. Katz and CRTV], they sued me – for ten million dollars. And now they've lost on every claim they're whining about it. @CRTV is 'conservative' only if you think 'conservative' is a synonym for 'criminal.'*" (Twitter, April 24, 2018);

"*CRTV's local enforcers (a gang of criminals and criminal associates from Lake Placid) attempted to intimidate female employees of mine. When they skedaddled out of town after the verdict, they trashed the building, cutting through wiring, and illegally removing fixtures and fittings. CRTV is still bullying… By the close of business on February 22nd, CRTV had threatened to re-sue us, and were back to issuing intimidating we-know-where-you-live warnings to female colleagues… I was in town for a Hillsdale event, a few days after Cary Katz and the CRTV goon squad had set to work on me.*" (SteynOnline.com, April 23, 2018);

"*Unless 'conservative' is a synonym for 'criminal', this man [Katz] and his associates should have no place on the American right.*" (SteynOnline.com, April 23, 2018).

The Steyn Parties' assertions are false.  Mr. Katz has never had any criminal record, or other history of acting unlawfully.  Moreover, as of the date of this complaint, CRTV continues to pay rent and is responsible for the soundness of the Vermont studio.  Mr. Katz has not directed or participated in any intimidation, illegal removal of fixtures or fittings, or destruction of property.

23.     Counsel for Plaintiff has made repeated requests to Defendant, through his counsel, to retract these and other defamatory statements and to refrain from publishing additional defamatory statements.  Defendants ignored Plaintiff's requests.

## IV.     FIRST CAUSE OF ACTION

### (Defamation Against All Defendants)

24.     The allegations of Paragraphs 1 through 23 of this Complaint are incorporated by reference herein with the same force and effect as though set forth in full below.

25.     Plaintiff asserts a claim for defamation against Defendants based on, but not limited to, the foregoing "factual" statements made by the Steyn Parties, which are defamatory *per se* because they subject Plaintiff to distrust, contempt, and ridicule and injure him in his professional, official, and personal relations.

26.     The foregoing statements, and others, are false and defamatory on their face and as understood by their readers and listeners, as they are damaging to Mr. Katz, his business, and his reputation by imputing to him general disqualification in those respects which his business in broadcast journalism peculiarly requires.  Additionally, these statements are defamatory because they were understood by those hearing the statements in a manner that has exposed Plaintiff to allegations of civil liability, allegations of criminal conduct, hatred, contempt, ridicule, or obloquy, and injured him in his occupation and business.  Specifically, they impute to Plaintiff unethical conduct and a lack of integrity and independence, which is anathema to Mr. Katz's values and his business ventures, including broadcast journalism.

27.     Defendant Mark Steyn Enterprises, Inc. by publishing these statements, and others, to third parties on SteynOnline.com, a website it controls and claims copyright ownership of, has adopted and ratified these false statements as its own, causing further harm to Mr. Katz's reputation in the eyes of the general public, exposing him to allegations of civil liability, allegations of criminal conduct, hatred, contempt, ridicule, or obloquy, injuring him in his occupation and business, and imputing to him a general disqualification to engage in the business of broadcast journalism.

28.     Defendants made these comments to third parties with knowledge of their falsity, negligently, or with reckless or willful disregard for their accuracy, as well as with a malicious intent.  Mr. Steyn's malicious intent is evidenced by his own words posted on SteynOnline.com on May 1, 2018:  *"I know some of you have questions about all that [the CRTV arbitration award], and I'm happy to take them and answer them candidly, and indeed (as the show goes on) ever more indiscreetly…."*

29.     Defendants published the false and defamatory oral and written statements and implications concerning Plaintiff to third parties which are not otherwise protected by any privilege.

1    30.    Defendants have shown a pattern of conduct of submission of false statements and
2    exacerbated conduct after being placed on notice to refrain from making such remarks evidencing
3    their intentional conduct.

4    31.    As a direct and proximate result of Defendants' defamatory statements, Plaintiff's
5    business and personal reputation have been harmed and he has suffered damages in an amount
6    according to proof, but in excess of $15,000.00.

7    32.    The conduct of Defendants in making defamatory statements that subject Plaintiff
8    to distrust, contempt, ridicule, and injury in his professional, official, and personal relations and
9    asserting knowingly false defamatory statements regarding Plaintiff, as alleged herein was
10   intentional, fraudulent, and done with reckless disregard and malicious intent towards Plaintiff
11   thereby warranting the imposition of punitive damages.

12

13

14

15   / / /
16   / / /
17   / / /
18   / / /
19   / / /
20   / / /
21   / / /
22   / / /
23   / / /
24   / / /
25   / / /
26   / / /
27

28

1056107.1                                    -9-

1      **WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

2      1.     For an award to Plaintiff of actual compensatory damages, in excess of $15,000.00

3  in an amount to be proven at trial.  Plaintiff seeks recompense for, among other things, the harm to

4  Plaintiff's reputation, among the public, caused by Defendants' conduct;

5      2.     For an award to Plaintiff of punitive damages for Defendants' intentional,

6  malicious, oppressive, and fraudulent conduct, in an amount to be determined by the trier of fact;

7      3.     For pre- and post-judgment interest as permitted by applicable law;

8      4.     For any such other and further relief as the Court may deem just and proper.

9

10  Dated this May 17, 2018        **MORAN BRANDON BENDAVID MORAN**

11                        */s/ Jeffery A. Bendavid, Esq.*
**JEFFERY A. BENDAVID, ESQ.**

12                        Nevada Bar No. 6220
**STEPHANIE J. SMITH, ESQ.**

13                        Nevada Bar No. 11280
630 South 4th Street

14                        Las Vegas, Nevada 89101
(702) 384-8424

15

16                        **BROWNE GEORGE ROSS LLP**

17                        */s/ Eric M. George, Esq.*
**ERIC M. GEORGE, ESQ.**

18                        (Application pending for Admission *Pro Hac Vice*)
California Bar No. 166403

19                        **KATHRYN E. STUART, ESQ.**

20                        (Application pending for Admission *Pro Hac Vice*)
New Mexico Bar No. 150631

21                        2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067

22

23

24

25

26

27

28

Electronically Filed
5/17/2018 8:16 AM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
**JEFFERY A. BENDAVID, ESQ.**
Nevada Bar No. 6220
j.bendavid@moranlawfirm.com
**STEPHANIE J. SMITH, ESQ.**
Nevada Bar No. 11280
**MORAN BRANDON BENDAVID MORAN**
630 South 4th Street
Las Vegas, Nevada 89101
(702) 384-8424

**ERIC M. GEORGE, ESQ.**
CA State Bar No. 166403 (Application pending for Admission Pro Hac Vice)
egeorge@bgrfirm.com
**KATHRYN E. STUART, ESQ.**
NM State Bar No. 150631 (Application pending for Admission Pro Hac Vice)
kstuart@bgrfirm.com
**BROWNE GEORGE ROSS LLP**
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
(310) 274-7100
*Attorneys for Plaintiff Cary Katz*

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| CARY KATZ, an individual | CASE NO: A-18-774636-C |
| Plaintiff, | DEPT. NO: Department 17 |
| v. | |
| MARK STEYN, an individual; MARK STEYN ENTERPRISES, INC., a New Hampshire corporation; and DOES 1-10, inclusive, | |
| Defendants. | |

## INITIAL APPEARANCE FEE DISCLOSURE
### (NRS CHAPTER 19)

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are

submitted for parties appearing in the above-entitled action as indicated below:



MORAN BRANDON
BENDAVID MORAN
ATTORNEYS AT LAW
630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE:(702) 384-8424
FAX: (702) 384-8866

1.     CARY KATZ …….. $270.00

TOTAL REMITTED………. $270.00

DATED this 17th day of May, 2018.

**MORAN BRANDON BENDAVID MORAN**


    /s/ Jeffery A. Bendavid, Esq.
**JEFFERY A. BENDAVID, ESQ.**
Nevada Bar No. 6220
**STEPHANIE J. SMITH, ESQ.**
Nevada Bar No. 11280
630 S. Fourth Street
Las Vegas, Nevada 89101
(702) 384-8424

**BROWNE GEORGE ROSS LLP**

    /s/  Eric M. George, Esq.
**ERIC M. GEORGE, ESQ.**
CA State Bar No. 166403
**KATHRYN E. STUART, ESQ.**
NM State Bar No. 150631
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
(310) 274-7100
*Attorneys for Plaintiff Cary Katz*

Electronically Filed
5/23/2018 11:56 AM
Steven D. Grierson
CLERK OF THE COURT

1   **ACRS**
    **JEFFERY A. BENDAVID, ESQ.**
2   Nevada Bar No. 6220
3   j.bendavid@moranlawfirm.com
    **STEPHANIE J. SMITH, ESQ.**
4   Nevada Bar No. 11280
    **MORAN BRANDON BENDAVID MORAN**
5   630 South 4th Street
    Las Vegas, Nevada 89101
6   (702) 384-8424
7
    **ERIC M. GEORGE, ESQ.**
8   CA State Bar No. 166403 (Application pending for Admission Pro Hac Vice)
9   egeorge@bgrfirm.com
    **KATHRYN E. STUART, ESQ.**
10  NM State Bar No. 150631 (Application pending for Admission Pro Hac Vice)
    kstuart@bgrfirm.com
11  **BROWNE GEORGE ROSS LLP**
    2121 Avenue of the Stars, Suite 2800
12  Los Angeles, California 90067
13  (310) 274-7100
    *Attorneys for Plaintiff Cary Katz*
14
15              **DISTRICT COURT**
                **CLARK COUNTY, NEVADA**
16
17  CARY KATZ, an individual          CASE NO: A-18-774636-C
                                       DEPT. NO: 17
18          Plaintiff,
19      v.
20  MARK STEYN, an individual; MARK    **ACCEPTANCE OF SERVICE**
    STEYN ENTERPRISES, INC., a New
21  Hampshire corporation; and DOES 1-10,
22  inclusive,
23          Defendants.
24

25

26
27      I, Alan J. Lefebvre, Esq., attorney for Defendants, MARK STEYN, an
28  individual; and MARK STEYN ENTERPRISES, INC., a New Hampshire corporation

**MBBM**
MORAN BRANDON
BENDAVID MORAN
ATTORNEYS AT LAW
630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

hereby accepts service of the Summons and Complaint on behalf of the Defendants in

the above captioned matter on this 17th day of May, 2018.

ALAN J. LEFEBVRE, ESQ.
**KOLESAR & LEATHAM**
400 S. Rampart Blvd., Suite 400
Las Vegas, Nevada 89145
*Attorney for Defendant,*
*Mark Steyn; and Mark Steyn*
*Enterprises, Inc.*



MORAN BRANDON
BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE:(702) 384-8424
FAX: (702) 384-6568