UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARY KATZ,<br>　　　　　　　　Plaintiff,<br>v.<br>MARK STEYN, et al.,<br>　　　　　　　　Defendants. | Case No.: 2:18-cv-00997-JAD-GWF<br><br>**ORDER**<br><br>**Re: Motion for Protective Order (ECF No. 124)** |

This matter is before the Court on Plaintiff's Motion for Protective Order; Sanctions (ECF No. 124), filed on June 13, 2019. Defendants filed their Opposition (ECF No. 131) on June 27, 2019, and Plaintiff filed his Reply (ECF No. 137) on July 8, 2019.

**BACKGROUND AND DISCUSSION**

The Court previously denied a motion for protective order which sought an order which would have prohibited Defendants from publishing discovery materials that contain defamatory or derogatory information about Plaintiff on the grounds that it would unreasonably intrude on Defendants' First Amendment rights. *See Order* (ECF No. 88). The order stated, however:

> There may be confidential information produced in discovery that should be protected from public disclosure. A party's confidential financial information, for example, generally warrants protection from public disclosure during the discovery process. Litigants frequently enter into a stipulated protective order that permits either party, in good faith, to designate information as "confidential." If the parties disagree on the confidentiality designation, then they can obtain a court determination as to whether the information is entitled to protection. In this case, the parties have not agreed on such a protective order. Therefore, if a party believes that specific information is entitled to protection as confidential, he should move for a protective order *before* the items are produced to the other party. Because such a procedure can

1

> significantly slow the discovery process, the Court reserves the option to
> impose a preliminary protective order if the parties cannot agree on one.
>
> *Id.* at 12.

Since that order was entered, the parties have been unwilling or unable to agree on the form and content of a stipulated protective order as described in the above paragraph. Although apparently desirous of such a protective order, Plaintiff waited until June 13, 2019 to file the instant motion for protective order.

The Court declines to enter the proposed protective order attached as Exhibit A to Plaintiff's motion for the following reasons:

1. The proposed protective order does not adequately define "CONFIDENTIAL" information or items. It states that it means information or tangible things that qualify for protection under Rule 26(c). The definition of confidential information must be more specific than this. The Court will limit the protective order to a party's or person's confidential financial information, trade secrets or proprietary information. In accordance with *Order* (ECF No. 88), confidential information does not include other information or documents whose public disclosure may be annoying or embarrassing to the designating party or person.

2. The provisions for challenging confidentiality designations set forth in paragraphs 6.1 and 6.2, while understandable in view of the parties' inability to work with each other, are too strict. Any party or non-party may challenge a confidentiality designation within a reasonable time after he receives notification that the information or document is claimed to be confidential. The reasonable time for challenging a confidentiality designation should generally be no longer than 30 days, and the challenge must be made in writing. The challenging party or person is not required to provide a specific explanation for its challenge. The parties, however, shall meet and confer in a good faith attempt to resolve a dispute over the confidentiality designation. In deciding a motion relating to a confidentiality designation, and the court may award expenses, including reasonable attorney's fees, to the prevailing party or person if the losing party or person's position was not substantially justified, and other circumstances do not make an award of expenses unjust. *See* Fed.R.Civ.P. 37(a)(5).

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Protective Order; Sanctions (ECF No. 124) is **granted**, in part, and **denied**, in party in accordance with the provisions of this Order. Plaintiff is directed to file a revised proposed protective order that complies with provisions of this order no later than **July 22, 2019**.

**IT IS FURTHER ORDERED** that Plaintiff's request for sanctions is **denied**.

DATED this 15th day of July, 2019.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**